UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO PEREZ,<br><br>           Plaintiff,<br>v.<br><br>MBF MORTGAGE GROUP, AURORA LOAN SERVICING, UNIWEST MORTGAGE CORPORATION, AMERICAN TRUST DEED SERVICES CORPORATION and DOES 1-20,<br><br>           Defendants. | Civil No. 09cv1827 JAH(BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [DOC. # 16]; DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS AND TO EXPUNGE LIS PENDENS [DOCS. # 6, 7, 8]** |

On February 28, 2010, plaintiff Domingo Perez ("plaintiff") filed a motion seeking leave to file a first amended complaint. *See* Doc. # 16. Defendant Aurora Loan Servicing ("Aurora") filed an opposition to the motion.[1] After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court GRANTS plaintiff's motion for leave to amend, DIRECTS the Clerk of Court file plaintiff's proposed amended complaint attached to his moving papers forthwith, and DENIES defendants' motions to dismiss plaintiff's original complaint and motion to expunge lis pendens as moot.

//

//

---

[1] Although Aurora and defendant Uniwest Mortgage Corporation each filed separate motions to dismiss plaintiff's original complaint on November 24, 2010 and November 12, 2010 respectively, only Aurora filed an opposition to plaintiffs' motion for leave to amend. *See* Docs. # 6, 7, 19.

1. **Legal Standard**

The filing of an amended complaint or counter-claim after a responsive pleading has been filed may be allowed by leave of court. Fed.R.Civ.P. 15(a). Rule 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend within 20 days after it is served. Otherwise, a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Supreme Court has instructed lower courts to heed the language of Rule 15(a) to grant leave freely when justice requires. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

Granting leave to amend rests in the sound discretion of the trial court. International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genetech, Inc. v. Abbott Laboratories, 127 F.R.D. 529 (N.D. Cal. 1989).

However, even though leave to amend is generally granted freely, it is not granted automatically. *See* Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Four factors are considered when a court determines whether to allow amendment of a pleading. These are prejudice to the opposing party, undue delay, bad faith, and futility. *See* Forsyth v. Humana, 114 F.3d 1467, 1482 (9th Cir. 1997); DCD Programs, 833 F.2d at 186; *see also* Foman v. Davis, 371 U.S. 178, 182 (1962).

These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend. DCD Programs, 833 F.2d at 186; Morongo Band

of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981).

**2.  Analysis**

Plaintiff seeks leave to amend the complaint in order to clarify his allegations and delete certain claims. *See* Doc. # 16-1 at 1-2. Plaintiff explains that, after a review of the motions to dismiss his original complaint, plaintiff determined that amending his complaint would cure most, if not all, of the deficiencies outlined by defendants in their motions. Id. at 6. Plaintiff contends that defendants would suffer no prejudice if leave was granted and there has been no showing of bad faith or dilatory motive in seeking such leave. Id.

Aurora contends that plaintiff has, in fact, acted in bad faith. *See* Doc. # 19. Aurora points to various grant deeds plaintiff recorded transferring 1% interest in the property to persons who subsequently filed for bankruptcy protection eighteen times over an eighteen month period, contending these transfers, coupled with plaintiff's current motion, are "stall tactics made in bad faith and aimed at forestalling any attempt at foreclosure on the Subject Property." Id. at 1, 2-5. Aurora further points out that plaintiff did not seek leave until "days before the hearing on [defendants'] motions were to take place" and, as such, appears to be "another attempt by [plaintiff] to utilize the legal system to further delay [Aurora] from proceeding to sale on the Subject Property." Id. at 5, 6. Aurora claims these tactics demonstrate that plaintiff "is not pursuing a valid claim, but instead hoping to keep the property tied up in litigation." Id. at 7. Aurora further claims that, for the sake of judicial economy, plaintiff should be refrained from delaying the inevitable. Id.

After a careful review of the pleadings submitted, including plaintiff's proposed first amended complaint submitted in support of his motion, this Courts finds no valid reason to deny plaintiff leave to amend. Even if this Court were to find plaintiff's grant deed

transfer tactics abusive, the proper avenue to address such tactics is through the bankruptcy court, not in this Court. The grant deed transfers did not, in this Court's view, delay this action as suggested by Aurora but, instead, delayed only Aurora's ability to proceed with foreclosure on the property. This Court's comparison of the original and amended complaint reveals that plaintiff appears to seek leave to amend to cure the deficiencies outlined by defendants in their respective motions and for no other dilatory purpose. In addition, this Court finds defendants will suffer little or no prejudice if plaintiff is granted leave since this case is still in its early stages. This Court, therefore, finds no reason to deny plaintiff leave to amend.

## CONCLUSION AND ORDER

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a first amended complaint [doc. # 16] is **GRANTED**;
2. The Clerk of Court is **DIRECTED** to file plaintiff's proposed first amended complaint [doc. # 16-2] as of the date this Order is filed;
3. Defendants shall file an answer or other responsive pleading to plaintiff's first amended complaint as required under the Federal Rules of Civil Procedure and the Local Rules of this District; and
4. Defendants' motions to dismiss [doc. # 6, 7] and motion to expunge lis pendens [doc. # 8] are **DENIED as moot.**

DATED: July 28, 2010

JOHN A. HOUSTON
United States District Judge